FILED

FEB 0 1 2008  NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELLA M. SELLERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 08CV716 |
| | ) JUDGE MANNING |
| | ) MAGISTRATE JUDGE SCHENKIER |
| GENERAL ELECTRIC COMPANY, | ) |
| A New York corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, DELLA M. SELLERS ("Plaintiff"), by and through her attorneys, the LAW OFFICES OF EDWARD P. GRAHAM, LTD., and for her Complaint against Defendant, GENERAL ELECTRIC COMPANY, a New York corporation ("Defendant GE"), states as follows:

### INTRODUCTION
### (ALLEGATIONS COMMON TO ALL COUNTS)

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et. seq., and more particularly, 29 U.S.C. § 1132(a)(1)(B), and § 1132(c).

2. This Court has jurisdiction of this matter under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

3. Plaintiff is a resident of the County of Will, State of Illinois, and at all times material, was the surviving spouse of an employee of GENERAL ELECTRIC COMPANY ("Defendant GE") and a qualified beneficiary of a participant in the GENERAL ELECTRIC

1

PENSION PLAN ("GE Pension Plan"), an employee welfare benefit within the meaning of 29 U.S.C. § 1002.

4. Defendant GE is a corporation organized and existing under the laws of the State of New York and does business in the Northern District of the State of Illinois. Defendant GE is subject to the jurisdiction and venue of this Court.

5. The administration and operation of the Plan is performed by GE US Employee Services, Corporate Benefits (the "Plan Administrator"). GE US Employee Services, Corporate Benefits is the administrator and fiduciary of the GE Pension Plan, actual and/or de facto, under ERISA.

6. Plaintiff's spouse, CLAY L. SELLERS, who was a full participant in the GE Pension Plan, retired from employment with Defendant GE on May 31, 1988. Thereafter, on January 15, 2005, CLAY L. SELLERS died.

## COUNT 1
## BREACH OF FIDUCIARY DUTY

7. As the surviving spouse of CLAY L. SELLERS and beneficiary of the GE Pension Plan, the Plaintiff was entitled to pension benefits from the GE Pension Plan in the amount of One Hundred Thousand and no/100 ($100,000.00) Dollars, plus any future payments due which would add to the value of the amounts, the remaining amount of the GE Pension Plan in the name of CLAY L. SELLERS.

8. In or about February, 2005, Defendant GE erroneously denied Plaintiff's claim for surviving spouse benefits under the GE Pension Plan based upon a purported change to the Survivor Benefit Election on the GE Pension Plan, which was purportedly signed by the Plaintiff and witnessed by Walter C. Aument.

9. Plaintiff did not, in fact, execute said Survivor Benefit Election form, and upon learning of the Defendant GE's position, promptly advised Defendant GE that the election form did not contain her signature.

10. Defendant GE possessed a duty to the Plaintiff to investigate the forgery charge in reference to her denial that the signature on the Survivor Benefit Election change form was her signature. *Grodesky v. Lucent Technologies, Inc.* 2003 U.S. Dist.LEXIS 104.

2

11. Defendant GE breached its fiduciary duty to the Plaintiff by failing to investigate the issue of forgery, which caused Plaintiff to experience losses and suffer damages. *Grodesky et. seq.*

WHEREFORE, Plaintiff, DELLA M. SELLERS, prays for the following:

a. That Judgment be entered in Plaintiff's favor and against Defendant GE in the sum of One Hundred Thousand ($100,000.00) Dollars, plus interest and any additional value to the account, to compensate Plaintiff for the erroneous denial of pension benefits under the GE Pension Plan;

b. That Defendant GE be ordered to pay to Plaintiff, DELLA M. SELLERS, One Hundred ($100.00) Dollars per day commencing thirty (30) days after the August 24, 2007 date demand was made to the date of Defendant GE's response;

c. That Defendant GE be required to reimburse Plaintiff, DELLA M. SELLERS, for reasonable attorney's fees and costs incurred in this action; and,

d. For such other and further relief that this Court deems necessary.

## COUNT II

## VIOLATION OF 29 U.S.C. § 1132(g) (FAILURE TO RESPOND TO ERISA ACT APPEAL)

12. On or about February 22, 2005, and within nineteen (19) days of her receipt of notice of the denial of her claim, Plaintiff submitted in writing a timely notice of appeal for her loss of benefits.

13. Despite subsequent requests being made by Plaintiff for a determination on her appeal, Defendant GE has failed to provide a final written decision as required by the Plan, as well as by ERISA.

14. Plaintiff has taken all measures necessary to exhaust her administrative remedies under the GE Pension Plan. To the extent that Plaintiff has been unsuccessful in this regard, performance has been made impossible by Defendant GE's acts and omissions.

15. Defendant GE has failed to provide Plaintiff with the opportunity for a full and fair review of her claim and has failed to provide the necessary information for adequate notice in violation of 29 U.S.C. § 1133.

16. Plaintiff is entitled to recover her reasonable attorney's fees and costs of action pursuant to 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff, DELLA M. SELLERS, prays for the following:

a. That Judgment be entered in Plaintiff's favor and against Defendant GE in the sum of One Hundred Thousand ($100,000.00) Dollars, plus interest and any additional value to the account, to compensate Plaintiff for the erroneous denial of pension benefits under the GE Pension Plan;

b. That Defendant GE be ordered to pay to Plaintiff, DELLA M. SELLERS, One Hundred ($100.00) Dollars per day commencing thirty (30) days after the August 24, 2007 date demand was made to the date of Defendant GE's response;

c. That Defendant GE be required to reimburse Plaintiff, DELLA M. SELLERS, for reasonable attorney's fees and costs incurred in this action; and,

d. For such other and further relief that this Court deems necessary.

## COUNT III
### VIOLATION OF 29 U.S.C §§1024(b)(4) and 1132(c) of ERISA

17. On or about August 24, 2007, Plaintiff, through her authorized representative, sent a written request to Defendant GE to provide Plaintiff with the pension benefit information, as provided by the GE Pension Plan, inasmuch as Plaintiff is entitled to such information as the surviving spouse and beneficiary of the late CLAY L. SELLERS, retired and deceased employee of Defendant GE.

18. As of the date of this filing, there has been no response to the written demand for benefits.

19. Defendant GE's failure to respond to the request for information is in violation of 29 U.S.C. § 1024(b)(4) and 1132(c) of ERISA and has caused additional prejudice to Plaintiff.

WHEREFORE, Plaintiff, DELLA M. SELLERS, prays for the following:

a. That Judgment be entered in Plaintiff's favor and against Defendant GE in the sum of One Hundred Thousand ($100,000.00) Dollars, plus interest and any additional value to the account, to compensate Plaintiff for the erroneous denial of pension benefits under the GE Pension Plan;

  b. That Defendant GE be ordered to pay to Plaintiff, DELLA M. SELLERS, One Hundred ($100.00) Dollars per day commencing thirty (30) days after the August 24, 2007 date demand was made to the date of Defendant GE's response;

  c. That Defendant GE be required to reimburse Plaintiff, DELLA M. SELLERS, for reasonable attorney's fees and costs incurred in this action; and,

  d. For such other and further relief that this Court deems necessary.

        Respectfully submitted,

        LAW OFFICES OF EDWARD P. GRAHAM, LTD.

        By: _Edward P. Graham_
        One of the attorneys

        By: _Mark Salkeld_
        One of the attorneys

Law Offices of Edward P. Graham, Ltd.

EDWARD P. GRAHAM ARDC #6195575

MARK W. SALKELD ARDC #06188780

1112 South Washington Street

Suite 212

Naperville, Illinois 60540

(630) 357-2333