IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DELLA M. SELLERS, | ) |
|     Plaintiff, | ) Case No. 08CV716 |
| v. | ) Judge Manning |
| GENERAL ELECTRIC COMPANY, | ) Magistrate Judge Schenkier |
|     Defendant. | ) |

**ANSWER TO COMPLAINT**

Defendant General Electric Company, by and through its attorneys Seyfarth Shaw LLP, and for its answer to the Complaint in this action, states as follows:

**INTRODUCTION
(ALLEGATIONS COMMON TO ALL COUNTS)**

**COMPLAINT ¶ 1:**

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et. seq., and more particularly, 29 U.S.C. § 1132(a)(1)(B), and § 1132(c).

**ANSWER:**

Defendant admits the allegations in Paragraph 1.

**COMPLAINT ¶ 2:**

This Court has jurisdiction of this matter under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

**ANSWER:**

Defendant admits the allegations in Paragraph 2.

**COMPLAINT ¶ 3:**

Plaintiff is a resident of the County of Will, State of Illinois, and at all times material, was the surviving spouse of an employee of GENERAL ELECTRIC COMPANY ("Defendant GE") and a qualified beneficiary of a participant in the GENERAL ELECTRIC PENSION PLAN ("GE Pension Plan"), an employee welfare benefit within the meaning of 29 U.S.C. § 1002.

**ANSWER:**

Defendant admits that Plaintiff is a surviving spouse of a former General Electric Company employee and that Defendant's pension plan is an "employee pension benefit plan," as that term is defined in 29 U.S.C. § 1002. Defendant lacks information sufficient to form a belief as to where plaintiff currently resides and denies the remaining allegations in Paragraph 3.

**COMPLAINT ¶ 4:**

Defendant GE is a corporation organized and existing under the laws of the State of New York and does business in the Northern District of the State of Illinois. Defendant GE is subject to the jurisdiction and venue of this Court.

**ANSWER:**

Defendant admits the allegations in Paragraph 4.

**COMPLAINT ¶ 5:**

The administration and operation of the Plan is performed by GE US Employee Services, Corporate Benefits (the "Plan Administrator"). GE US Employee Services, Corporate Benefits is the administrator and fiduciary of the GE Pension Plan, actual and/or de facto, under ERISA.

**ANSWER:**

Defendant admits defendant is the plan administrator, and denies the remaining allegations in Paragraph 5.

**COMPLAINT ¶ 6:**

Plaintiff's spouse, CLAY L. SELLERS, who was a full participant in the GE Pension Plan, retired from employment with Defendant GE on May 31, 1988. Thereafter, on January 15, 2005, CLAY L. SELLERS died.

**ANSWER:**

Defendant admits the allegations in Paragraph 6.

## COUNT I
## BREACH OF FIDUCIARY DUTY

**COMPLAINT ¶ 7:**

As the surviving spouse of CLAY L. SELLERS and beneficiary of the GE Pension Plan, the Plaintiff was entitled to pension benefits from the GE Pension Plan in the amount of One Hundred Thousand and no/100 ($100,000.00) Dollars, plus any future payments due which would add to the value of the amounts, the remaining amount of the GE Pension Plan in the name of CLAY L. SELLERS.

**ANSWER:**

Defendant denies the allegations in Paragraph 7.

**COMPLAINT ¶ 8:**

In or about February, 2005, Defendant GE erroneously denied Plaintiff's claim for surviving spouse benefits under the GE Pension Plan based upon a purported change to the Survivor Benefit Election on the GE Pension Plan, which was purportedly signed by the Plaintiff and witnessed by Walter C. Aument.

**ANSWER:**

Defendant admits that it denied Plaintiff's claim for surviving spouse benefits under the GE Pension Plan based upon a change to the Survivor Benefit Election on the GE Pension Plan, which was signed by the Plaintiff and witnessed by Walter C. Aument. Defendant denies the remaining allegations in Paragraph 8.

**COMPLAINT ¶ 9:**

Plaintiff did not, in fact, execute said Survivor Benefit Election form, and upon learning of the Defendant GE's position, promptly advised Defendant GE that the election form did not contain her signature.

**ANSWER:**

Defendant admits that Plaintiff has contested the authenticity of her signature on the Survivor Benefit Election form. Defendant denies the remaining allegations in Paragraph 9.

**COMPLAINT ¶ 10:**

Defendant GE possessed a duty to the Plaintiff to investigate the forgery charge in reference to her denial that the signature on the Survivor Benefit Election change form was her signature. *Grodesky v. Lucent Technologies, Inc.* 2003 U.S.Dist.LEXIS 104.

**ANSWER:**

Defendant admits that it possessed a duty to investigate Plaintiff's forgery charge.

Defendant denies the remaining allegations in Paragraph 10.

**COMPLAINT ¶ 11:**

Defendant GE breached its fiduciary duty to the Plaintiff by failing to investigate the issue of forgery, which caused Plaintiff to experience losses and suffer damages. *Grodesky et. seq.*

**ANSWER:**

Defendant denies the allegation in Paragraph 11.

**COUNT II**
**VIOLATION OF 29 U.S.C. § 1132(g)**
**(FAILURE TO RESPOND TO ERISA ACT APPEAL)**

**COMPLAINT ¶ 12:**

On or about February 22, 2005, and within nineteen (19) days of her receipt of notice of the denial of her claim, Plaintiff submitted in writing a timely notice of appeal for her loss of benefits.

**ANSWER:**

Defendant admits that Plaintiff sent Defendant a letter on February 22, 2005 indicating that she "did not remember" signing a Survivor Benefit Election form. Defendant denies the remaining allegations in Paragraph 12.

**COMPLAINT ¶ 13:**

Despite subsequent requests being made by Plaintiff for a determination on her appeal, Defendant GE has failed to provide a final written decision as required by the Plan, as well as by ERISA.

**ANSWER:**

Defendant denies the allegations in Paragraph 13.

**COMPLAINT ¶ 14:**

Plaintiff has taken all measures necessary to exhaust her administrative remedies under the GE Pension Plan. To the extent that Plaintiff has been unsuccessful in this regard, performance has been made impossible by Defendant GE's acts and omissions.

**ANSWER:**

Defendant denies the allegations in Paragraph 14.

**COMPLAINT ¶ 15:**

Defendant GE has failed to provide Plaintiff with the opportunity for a full and fair review of her claim and has failed to provide the necessary information for adequate notice in violation of 29 U.S.C. § 1133.

**ANSWER:**

Defendant denies the allegations in Paragraph 15.

**COMPLAINT ¶ 16:**

Plaintiff is entitled to recover her reasonable attorney's fees and costs of action pursuant to 29 U.S.C. § 1132(g).

**ANSWER:**

Defendant denies the allegations in Paragraph 16.

**COUNT III**
**VIOLATION OF 29 U.S.C. §§1024(b)(4) and 1132(c) of ERISA**

**COMPLAINT ¶ 17:**

On or about August 24, 2007, Plaintiff, through her authorized representative, sent a written request to Defendant GE to provide Plaintiff with the pension benefit information, as provided by the GE Pension Plan, inasmuch as Plaintiff is entitled to such information as the surviving spouse and beneficiary of the late CLAY L. SELLERS, retired and deceased employee of Defendant GE.

**ANSWER:**

Defendant admits that on August 24, 2007 Plaintiff's attorneys sent Defendant a written request asking Defendant to perform an independent evaluation of the allegedly forged signature. Defendant denies the remaining allegations in Paragraph 17.

**COMPLAINT ¶ 18:**

As of the date of this filing, there has been no response to the written demand for benefits.

**ANSWER:**

Defendant admits that as of the date the Complaint was filed, there had not been a response to the August 24, 2007 letter. Defendant denies the remaining allegations in Paragraph 18.

**COMPLAINT ¶ 19:**

Defendant GE's failure to respond to the request for information is in violation of 29 U.S.C. § 1024(b)(4) and 1132(c) of ERISA and has caused additional prejudice to Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 19.

**DATED: August 12, 2008**             Respectfully submitted,

                                        GENERAL ELECTRIC COMPANY


                                        By: /s/      Colin M. Connor
                                              One of Its Attorneys

Mark Casciari
Colin M. Connor
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 12, 2008, I electronically filed the foregoing ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system and served a copy upon the following by United States Mail, postage prepaid:

>Edward P. Graham
>Mark W. Salkeld
>Law Offices of Edward P. Graham, Ltd.
>1112 S. Washington Street
>Suite 212
>Naperville, Illinois 60540

                                          /s/    Colin M. Connor